**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:07-CR-00046-PPS |
| ) | |
| JONATHAN HOGGE and JACK LAIT, ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion of Defendant Jonathan Hogge to Enforce Discovery Agreement and for Expedited Consideration [DE 73], filed on April 18, 2008. Defendant Jonathan Hogge requests that the Court issue an order requiring the Government to comply with the terms of a purported agreement, reached between counsel for Defendant Jonathan Hogge and counsel for the Government, with regard to the reproduction of documents held at the Department of Labor's Chicago, Illinois office. On April 22, 2008, the Government filed a response in opposition to Defendant's Motion, and on April 24, 2008, Defendant filed a reply.

**BACKGROUND**

The Government filed the indictment in this matter on March 22, 2007. Due to the volume of discovery in this case and related cases, the Court has, at Defendant's request, continued the pre-trial motions deadline five times, and the trial setting on three occasions. Trial is currently set for October 20, 2008, before District Court Judge Philip P. Simon.

The instant Motion concerns documents related to this case that are currently in the possession of the Department of Labor ("DOL"), being held in Chicago, Illinois. Most recently, Defendant, through his forensic accounting expert, Patrick J. Calhoun, examined the documents, which are contained in seventy-six boxes, each holding approximately twenty-five hundred pages,

at the DOL's Chicago offices on April 8 and 16, 2008. As a result of his two day examination, Patrick J. Calhoun concluded that the DOL is in possession of documentation that is exculpatory to Defendant with regard to several of the charges pending in this case.

Following Patrick J. Calhoun's examination at the DOL's Chicago offices, counsel for Defendant contacted counsel for the Government regarding the documents which Defendant believes to be exculpatory. On the morning of April 17, 2008, the Government, by counsel, e-mailed a "proposal" to counsel for Defendant. The Government's proposal provides:

   1.   The government will offer a one-time scanning and Bates numbering of the materials indicated by you at the Department of Labor. (If we reach a point where the number of boxes requested is excessive for this offer, we can discuss that.) The government will ship the boxes to an off-site vendor to be scanned and numbered. As much as possible, the off-site vendor will endeavor to keep the records in the same order as they currently are.

   2.   The length of the time required for the scanning, the format in which the items are scanned, and the order in which the materials are provided back to the government are at the discretion of the off-site vendor and I make no representations regarding these matters. However, the government will request that, if feasible and cost-effective, the materials be scanned into pdf, be produced quickly, and be produced in the order requested by you. To reiterate, though, that decision is out of my control and I can't promise you anything.

   3.   After these documents are sent out, the government will copy or scan no more documents at the Department of Labor. However, it will make available a copy machine at the Department that you can utilize at your expense.

   4.   As always, the documents are available for your review and copying.

Def.'s Br. at 4-5. Counsel for the Government went on to propose that he would place the order for reproduction on April 17, 2008, if, on that day, counsel for Defendant advised the Government how he wished to proceed.

Approximately forty minutes later, counsel for Defendant responded by e-mail to counsel for the Government, stating the following:

> I have had an opportunity to review your proposal and discuss it with Mr. Calhoun. Please advise of the name, location and phone number of the vendor. We need a definite idea of the length of time for this project to be completed and the expedited handling of boxes 4, 5, 6, 22, and 41, which we need back in no more than two weeks, if at all possible. Time is an issue here and Pat Calhoun is concerned about how long it will be before he once again has access. He believes it is more important to get the order in at this point than wait another week and a half and I concur.

Gov't Resp. Br. at 7.

Later that afternoon, counsel for the Government, by telephone, advised counsel for Defendant that the Government's offer was withdrawn, and that rather than the previous proposal, the Government, through the DOL, would provide a minder and a photocopying machine at the DOL's Chicago offices for Defendant's use in copying the documents he seeks.

The following day, Defendant brought the discovery dispute to the Court through the filing of the instant Motion. The Motion is now fully briefed.

**ANALYSIS**

Defendant argues that his counsel's April 17, 2008, e-mail message in response to the Government's e-mail proposal constitutes an acceptance of the Government's offer, and that as such, the response formed an agreement. Defendant requests that the Court now enforce that agreement. The Government contends that there is no legal basis, and that Defendant has not cited any authority, that requires the Government to reproduce, at its expense, the documents that Defendant now seeks. The Government argues that under its current proposal, whereby it would share in the cost of

3

reproducing the documents by providing Defendant with use of a photocopying machine at the DOL's Chicago offices, it has complied with its legal duty.

The Court finds that the Government, through its April 17, 2008, e-mail message to counsel for Defendant, made an offer to produce discovery material. While the offer was pending, counsel for Defendant responded to the Government's offer but the Court finds that the response did not rise to the level of acceptance; it simply asks for more specific information and states the urgency of the process. While it was still pending, the Government withdrew the offer. Therefore, the Court finds that there was no acceptance by Defendant and no agreement.

Rule 16(a)(1)(B) of the Federal Rules of Criminal Procedure addresses the Government's duty to disclose a defendant's written or recorded statements, and provides:

> Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following . . . any relevant written or recorded statement by the defendant if . . . the statement is within the government's possession, custody, or control; and . . . the attorney for the government knows–or through due diligence could know–that the statement exists[.]

Fed. R. Crim. P. 16(a)(1)(B).

Rule 16(a)(1)(E), also relevant, addresses the Government's duty to disclose documents and objects, and provides:

> Upon a defendant's request, the Government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and . . . the item is material to preparing the defense . . . or the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

The Court finds neither Rule 16, nor other authority cited by Defendant, requires the Government to pay for, or to share in the cost of, production of the documents now requested by the

4

Defendant.  The Court observes that the Government offered to share in the cost of the requested documents by providing a photocopier to Defendant to copy the requested documents at the DOL's Chicago offices.  Defendant may choose to accept this offer.

## CONCLUSION

Having reviewed the Motion, the Court **DENIES** the Motion of Defendant Jonathan Hogge to Enforce Discovery Agreement and for Expedited Consideration [DE 73].  Rather, the Court **ORDERS** the Government, through the Department of Labor, to make all documents material to preparing a defense, and all documents that were obtained from or which belong to the Defendant, available to the Defendant for photocopying during reasonable business hours.

SO ORDERED this 28th day of April, 2008.

                                              s/ Paul R. Cherry
                                              MAGISTRATE JUDGE PAUL R. CHERRY
                                              UNITED STATES DISTRICT COURT

cc:     All counsel of record